Leon H. SNOW, Plaintiff,

v.

The PILLSBURY COMPANY, a Delaware corporation, Defendant.

Civ. No. 4–84–1338.

United States District Court, D. Minnesota, Fourth Division.

Aug. 11, 1986.

---

John E. Thomas and John A. Cochrane, St. Paul, Minn., for plaintiff.

John R. Kenefick and Sally A. Scoggin, Briggs and Morgan, St. Paul, Minn., for defendant.

DIANA E. MURPHY, District Judge.

The above-entitled action was tried before the court and a jury over seven days. During trial, the court granted defendant's motion for a directed verdict on Counts I, II, III, IV, VII, and VIII. Defendant's motion for a directed verdict on Count VI was denied.

On May 1, 1986 the jury found by special verdict that plaintiff's age was a determining factor in his discharge, but that the discrimination was not willful. The parties then stipulated that the amount due plaintiff as "back pay" for lost salary and benefits totals $60,000. The court granted the parties extra time to brief the issue of front pay. After considering the parties' arguments, the court issued an order on June 10, 1986 indicating that some amount of front pay would be awarded. An evidentiary hearing was then held to determine the appropriate amount of front pay. Plaintiff did not call any witnesses, but relied on his testimony at trial and that of William Severson, a certified public accountant. Defendant called three witnesses: Gary Novitsky, a job placement specialist, John Strasburg, a state employee doing employment research and analysis, and actuary Jeff Strecker.

Now having considered the testimony and evidence produced at trial, the parties' briefs, and the demeanor and credibility of the live witnesses, the court hereby enters in memorandum form its findings of fact and conclusions of law regarding front pay. The record indicates that plaintiff was 53 years old when discharged and that he is currently 56. He testified that he had expected to work at defendant Pillsbury Company until he reached age 65 on May 6, 1995 or some nine more years. Several factors persuade the court that front pay should not be awarded for that entire period of time.

First, the record indicates that plaintiff can secure other employment. He looks presentable and healthy. He has no physical restrictions or disabilities, and he has work experience as a farmer, school bus driver and mechanic. He has a high school education and has had vocational training in steam plant operations, hydrostatic transmissions, welding, and small engines. Following his termination at Green Giant, he located work at Instant Webb in Chanhassen, Minnesota and at Heavy Duty Air in Jordan, Minnesota. The testimony of Novitsky and Strasburg indicates that there are jobs available within a reasonable distance of plaintiff's home for which he would qualify. No doubt he must compete with other applicants for openings, but the evidence indicates he should be able to obtain a suitable position within a reasonable time, especially if he has placement help.

Defendant has offered to provide job placement services for plaintiff. Professional assistance would benefit plaintiff, and it is an appropriate form of equitable relief under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. Because of feelings engendered by the discharge and this litigation, however, it is questionable whether defendant's in-house placement service would work well for plaintiff. The court therefore concludes that Pillsbury should provide independent job placement services for plaintiff for a period of six months, unless he voluntarily chooses to use the in-house service offered.

Second, the nature of plaintiff's job at Green Giant and the employment-at-will rule convinces the court that an award of almost nine years would be inappropriate and speculative. Plaintiff has not persuaded the court that he would have remained at Green Giant until retirement age. The job that he performed was physically demanding, requiring him to work a 12–hour shift during pea and corn harvesting. Some of the witnesses at trial testified that he was resting on the job in the fields, and he may not have been able to maintain the required pace. He may also have been discharged or laid off for a valid business reason.

After carefully considering these factors and the parties' arguments, the court finds that plaintiff should be awarded three years of front pay, including lost benefits,

without any offset for temporary employment. Plaintiff stated at the hearing that he would adopt the figures in defendant's exhibit 53A[1] as his projected lost earnings, and the court finds that these are appropriate. Thus, plaintiff is entitled to receive from defendant $104,559.34. $60,000 of this amount is the stipulated back pay, $40,819 is the amount of three years of front pay, and $2740.34 is the sum of three years of lost benefits.

## ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Defendant's motion for a directed verdict is granted on Counts I, II, III, IV, VII, and VIII, and these counts are dismissed with prejudice. Defendant's motion for a directed verdict is denied as to Count VI.

2. Plaintiff is entitled to his costs and judgment against defendant The Pillsbury Company in the amount $104,559.34 on Counts V and VI of the complaint.

3. Defendant shall also pay for the services of a well-qualified job placement specialist to assist plaintiff in his job search for a period of six months unless plaintiff voluntarily chooses to utilize defendant's placement service for the period.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

1. Defense exhibit 53A shows the present value of plaintiff's lost salary beginning with his last salary of $8.04 and awarding him a six percent salary increase.